RETIREMENT SYSTEMS — BALTIMORE CITY — STATUTES —
RETROACTIVITY — STATUTE AFFECTING ELIGIBILITY
FOR CERTAIN WIDOWS' BENEFITS IS RETROACTIVE

October 12, 1995

*The Honorable George W. Della, Jr.*
*Maryland Senate*

You have requested our opinion about the retroactive application of Chapter 354 (Senate Bill 45) of the Laws of Maryland 1995. Specifically, you asked whether widows whose spouses had died before the effective date of the bill might qualify for benefits under it.

In our opinion, Chapter 354 is retroactive in this sense: If a widow whose spouse died before July 1, 1995, became qualified for benefits because of Chapter 354, that widow would be entitled to those benefits starting on July 1, 1995.

# I

## Statutory Change

The General Assembly enacted Chapter 354 of the Laws of Maryland 1995 "for the purpose of repealing a prohibition against certain widows of certain retired members of the Police Department of Baltimore City receiving certain pension benefits." The widows are those whose spouses were members of a pension fund called the "Special Fund," long ago closed to new members.

Before the enactment of Chapter 354, the pertinent provision read as follows: "On and after July 1, 1968, the pension allowance to the widow or for the benefit of minor children shall be one-quarter (1/4) of the base salary ... of the deceased member in force at the time of his death, ... said benefits to be paid to the widow ... conditioned, however, that the [benefit] provisions ... shall not apply to a widow unless she shall have been married to the deceased member for at least five years preceding his death, *and shall not*

*apply to widows of members whose marriage occurred subsequent to retirement.*"  Article 4, §16-26 of the Public Local Laws of Baltimore City.  Chapter 354 repealed the italicized language.  Section 2 of Chapter 354 provides simply that the Act is to take effect on July 1, 1995.

As the bill's title said, Chapter 354 repealed a disqualification.  Under the prior law, a widow who married an already-retired member was ineligible for this pension benefit, no matter how long they had been married.  As a result of Chapter 354, someone who married a retired member is eligible for the pension benefit if the widow had been married to the member for at least five years preceding the member's death.[1]

## II

### Legislative Intent and Retroactivity

#### A.    Introduction

"As a general rule of construction statutes are presumed to operate only prospectively, unless the Legislature clearly expresses an intent that the statute apply retroactively." *Waters v. Montgomery County,* 337 Md. 15, 28, 650 A.2d 712 (1994).  *See also, e.g., Arundel Corp. v. County Comm'rs*, 323 Md. 504, 509, 594 A.2d 95 (1991); *Washington Sub. San. Comm'n v. Riverdale Heights Vol. Fire Co.*, 308 Md. 556, 560-61, 520 A.2d 1319 (1987).  However, "it is, perhaps, equally well settled that where prospective application of a law is inconsistent with the nature and purpose of the legislation, retroactive effect will be given." *Commission on Human Relations v. Amecon Division,* 278 Md. 120, 127, 360 A.2d 1 (1976).  Moreover, "[presumptively prospective legislation may still be found to be retroactive to a degree even in the absence of an express retroactivity clause." 77 *Opinions of the Attorney General* 52, 53

---

[1] Although §16-26 uses the term "widow" and the feminine pronoun, the provision must be construed as applicable to widowers as well, in the perhaps unlikely event that a female police officer or employee was a member of the Special Fund.  *See* Article 46 of the Declaration of Rights (Equal Rights Amendment); Article 1, §7 of the Maryland Code.

(1992). *See, e.g., State v. Burning Tree Club,* 315 Md. 254, 263-68, 554 A.2d 366 (1989).

These principles of construction presuppose that potential applications of a statute can easily be consigned to the distinct categories of "prospective" and "retroactive." The latter has been described by the Court of Appeals as "one which purports to determine the legal significance of acts or events that have occurred prior to the statute's effective date." *Amecon Division*, 278 Md. at 123. When a discrete "act or event" occurs and a legal consequence becomes fixed at that time — liability, for example — a statute that changes the legal consequences is surely to be classified as retroactive.

The classification scheme is more problematic when the legal consequences flow indefinitely into the future because of certain pre-enactment facts. It is debatable whether a statute is, strictly speaking, "retroactive" simply because it changes those consequences from the effective date into the future. Some federal cases suggest that the label "retroactive" is misapplied under these circumstances: "Although the term 'retroactive' is commonly used to refer to statutes that operate on pre-enactment transactions and pre-existing rights or obligations, a statute is not 'retroactive' simply because facts from the pre-enactment period are implicated." *Campbell v. United States*, 809 F.2d 563, 571 (9th Cir. 1987). *See also* 2 Norman J. Singer, *Statutes and Statutory Construction* §41.01 (5th ed. 1994).

Looked at this way, Chapter 354 could perhaps be classified as "prospective" even if it were applicable to widows whose spouses had died before the effective date. The significant "fact from the pre-enactment period" was that a group of widows had married already-retired members of the special plan. That fact had a consequence that, absent the legislation, would have continued indefinitely into the future: ineligibility for widow's benefits. Starting with the effective date of Chapter 354, the General Assembly changed the future consequence of that pre-enactment fact. Now these widows would be eligible for benefits after the effective date — that is, prospectively. For example, if the General Assembly increased the amount of the pension from one-quarter of the spouse's base salary to a higher amount, few would label the change "retroactive," although the "pre-existing right" was to the lesser amount. *Cf. Maryland State Teachers Ass'n v. Hughes*, 594

F. Supp. 1353, 1363-64 (D. Md. 1984), *aff'd*, No. 84-2213 (4th Cir. December 5, 1985), *cert. denied,* 475 U.S. 1140 (1986) (concluding that certain changes to pension system were prospective, not retroactive).

Nevertheless, we conclude that, if Chapter 354 were to be construed as granting benefits to widows whose spouses had died before the effective date of the bill, Chapter 354 would be classified by Maryland courts as retroactive. Under the retroactivity analysis of *Amecon Division,* the relevant "act or event" is the member's date of death. At that time, the widow's eligibility was established, one way or the other. *See, e.g., Saxton v. Board of Trustees,* 266 Md. 690, 694, 296 A.2d 467 (1972); *Davis v. City of Annapolis,* 98 Md. App. 707, 718-19, 635 A.2d 36 (1994). In *Amecon Division,* the Court of Appeals characterized as retroactive the application of a newly enacted statute to an existing workforce, because the statute affected rights of employers and employees that "accrue[d] when the contract of employment [was] entered into ...." 278 Md. at 127. Under this analysis, the application of Chapter 354 to those widows whose spouses had died prior to July 1, 1995, would be "retroactive," even if only future benefits were affected.

## B.    *Purpose of Chapter 354*

In our view, the General Assembly intended Chapter 354 to have this retroactive effect. "In analyzing the retroactivity of a statute or ordinance, a court must first determine if the legislative body intended the statute to be retroactive." *Waters v. Montgomery Co.,* 337 Md. at 28.

The search for evidence of this legislative intention, like comparable questions affecting the interpretation of a statute, permits recourse to legislative history. *See generally Kaczrowski v. City of Baltimore*, 309 Md. 505, 514-15, 525 A.2d 628 (1987) (consideration may be given not only to statutory text but "other material that fairly bears on the fundamental issue of legislative purpose or goal ...").

The legislative history of Chapter 354 shows that the problem posed to the General Assembly concerned those who were already widows: "This bill would only effect [*sic*] the pension benefits of 11 members." Letter to Senators Della and Pica from Robert List, Legislative Chair of the Baltimore City Retired Police Association

(undated). The General Assembly legislated to solve the problem posed.

The fiscal note is especially telling. In its final summary, the note describes an "unfunded mandate" that would cause Baltimore City expenditures to "increase by approximately $150,000 per year beginning in FY 1996." Fiscal Year 1996 began on July 1, 1995, when the bill became effective. Such an expenditure could occur in the current fiscal year only if the bill applied to an existing group, who would all become eligible at once. The Floor Report of the House Appropriations Committee reflects the same understanding of the bill's immediate fiscal impact. Moreover, the bill analysis in the fiscal note states as follows: "Currently, there are an estimated 15 widows who would be eligible for approximately $10,000 in annual payments each." This fiscal note, written three months before the effective date of the bill, reflected its natural import: that this group of widows, previously disqualified for benefits, would become eligible for the benefits upon the bill's enactment.[2]

This evidence of legislative purpose is to us a sufficiently clear expression of a legislative purpose that Chapter 354 is to be applied retroactively.[3] Construing Chapter 354 prospectively, so as to *continue* to deny benefits to the existing group of previously disqualified widows, would be, to quote the Court of Appeals, "inconsistent with the nature and purpose of the legislation ...." *Amecon Division,* 278 Md. at 127.

---

[2] "Because it assesses a bill's projected fiscal impact, a fiscal note often can be important evidence of a bill's scope or intended effect." Jack Schwartz and Amanda Stakem Conn, *The Court of Appeals at the Cocktail Party: The Use and Misuse of Legislative History,* 54 Md. Law Rev. 432, 441 (1995).

[3] Of course, ultimately the City Police Department will reach its own conclusion on the issue. Were the City to deem the evidence supporting retroactivity to be insufficient, you might wish to consider a bill amending Section 2 of Chapter 354, to make its retroactive effect explicit.

## III

## Conclusion

In summary, it is our opinion that widows who became qualified for benefits from the Special Fund as a result of Chapter 354 may obtain those benefits from July 1, 1995 onward, even if their spouses died before that date.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions and Advice*